**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESSE JOE ALVAREZ,

    Defendant-Appellant.

No. 96-2243

(D.C. No. CR-95-540-MV)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

---

Defendant Jesse Alvarez appeals the district court's denial of his motion to suppress evidence. After Defendant's motion to suppress was denied, he conditionally pleaded guilty to Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 57 months incarceration and 3 years supervised release. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant advances four claims in his appeal. Defendant asserts that (1) the district court's finding that the officers who testified at the suppression hearing were credible is clearly erroneous; (2) he was arrested without probable cause; (3) we should create a bad faith exception to the "fellow officer" rule in this case; and (4) his statements incident to arrest should be suppressed as involuntary and all evidence flowing therefrom should also be suppressed. Defendant's first three arguments are all predicated on our agreement with him that the district court's factual findings were clearly erroneous. Accordingly, we will address those together, and then consider his final claim.

The facts pertinent to this appeal are as follows. Defendant is a gang member in Albuquerque, New Mexico. On the day in question, a Detective Lewis of the Albuquerque Police Department received a tip from a confidential informant (CI) that Defendant was at a car wash in Albuquerque and was carrying a gun. Detective Lewis conveyed this information to other officers who informed an Officer Yurcisin. Officer Yurcisin and Detective Lewis both testified that they were aware that Defendant had previously been convicted of a felony.

After he received the information concerning Defendant, Officer Yurcisin proceeded to the car wash and attempted to locate Defendant. He parked his vehicle, noticed Defendant, and made eye contact with him. When Officer Yurcisin made eye contact with Defendant, he motioned for Defendant to approach. Rather than approaching Officer Yurcisin, Defendant turned and began to walk towards a vehicle.

2

Officer Yurcisin then hurriedly attempted to overtake Defendant and arrived at the vehicle at approximately the same time as Defendant. Defendant attempted to enter the vehicle and resisted Officer Yurcisin's demands to exit. Realizing that Defendant was likely armed, Officer Yurcisin slapped Defendant about the head so that he could safely extract him from the vehicle and subdue him. As the officer placed Defendant on the ground, Defendant stated that he had a gun. Officer Yurcisin then arrested Defendant and charged him with misdemeanor possession of a concealed weapon. Defendant was later charged with the count here at issue, the felony federal offense of felon in possession of a firearm. We will discuss further testimony from the hearing as is necessary.

When reviewing a district court's ruling on a motion to suppress, we view the evidence in a light most favorable to the district court's findings. United States v. Jimenez, 864 F.2d 686, 688 (10th Cir. 1988). Moreover, we accept the district court's factual findings and credibility determinations unless they are clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). However, we do review de novo the ultimate legal question--whether the police conduct was reasonable under the Fourth Amendment. United States v. Perdue, 8 F.3d 1455, 1462 (10th Cir. 1993).

Defendant's first three claims all boil down to a question of whether or not we should believe the police officers who testified at the suppression hearing. If the officers' testimony is believed, then Officer Yurcisin had probable cause to arrest Defendant based on the information he possessed at the time of the arrest. Officer Yurcisin testified that he

had been told that a reliable CI had seen Defendant with a gun just moments before at the car wash. Detective Lewis testified that although the CI was relatively new, it had given him information twice before which had proven accurate. Detective Lewis also testified that he was aware of Defendant's status as a felon. Officer Yucisin testified at the hearing that he also knew of Defendant's status as a felon. Defendant argues that the officers' testimonies are not credible because Officer Yucisin only charged him with state misdemeanor possession of a concealed weapon, rather than felon in possession of a firearm. However, Officer Yucisin testified that the tip came from a CI in an ongoing federal investigation of Defendant's gang. He stated that he charged Defendant in that manner in order to avoid compromising the investigation or the CI. It appears to be undisputed that the investigation was ongoing and, in fact, ten days after Defendant's arrest, it resulted in the arrests of 23 people and this felony charge against Defendant. The district court found the officer's testimonies to be credible and, based on the record before us, we do not believe that Defendant has demonstrated that this finding was clearly erroneous.

Since we hold that the district court's findings that Officer Yucisin and Detective Lewis were credible, there is little question that Officer Yucisin had probable cause to arrest Defendant at the onset of the encounter. The officers had information that (1) Defendant was a felon and (2) Defendant possessed a handgun. This constituted a felony in violation of N.M. Stat. Ann. § 30-7-16 (Michie 1995). See Karr v. Smith, 774 F.2d

4

1029, 1031 (10th Cir. 1985) ("Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed."). Accordingly, Defendant's claim that he was illegally arrested must fail. Cf. Carroll v. United States, 267 U.S. 132, 156 (1925) ("The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony . . . .").

Finally, we find no merit in Defendant's third assertion--that we should create a bad faith exception to the "fellow officer" rule. The fellow officer rule requires that, when determining probable cause, we look to the collective knowledge of the officers involved in the arrest rather than merely examining the arresting officer's knowledge. See Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir. 1985). In order for us to entertain Defendant's argument on this matter, we must first accept his proposition that the district court's finding that the officers who testified at trial were credible is clearly erroneous and that outrageous conduct occurred that the district court overlooked or ignored. As we previously stated, we do not believe that Defendant has shown that the district court's findings on credibility were clearly erroneous. Moreover, on this record, we see no evidence of outrageous police conduct. Therefore, Defendant's third claim must fail.

Defendant's last argument is that his statement to Officer Yurcisin that he had a gun was involuntary. The determination of whether a confession is voluntary is one we

review de novo.  United States v.  Perdue, 8 F.3d 1455, 1466 (10th Cir. 1993).  As we have previously decided, there was no illegal detention in this case.  Accordingly, the question is whether Officer Yucisin improperly attempted to elicit information from Defendant in violation of Miranda v. Arizona, 384 U.S. 436 (1966).  A mere detention does not equate to an interrogation.  See Rhode Island v. Innis, 446 U.S. 291, 299 (1980).  In order for a defendant's Fifth Amendment rights to be violated, he must be subjected to "coercive police activity," Colorado v.  Connelly, 479 U.S. 157, 167 (1986), or police behavior "that the police should know [would be] reasonably likely to evoke an incriminating response." Innis, 446 U.S. at 301.

In the case at bar, the evidence showed that the officer was in the process of subduing him when Defendant stated that he had a gun.  The officer's conduct in subduing Defendant was reasonable because he had reason to believe that Defendant was armed.  Accordingly, he had a duty to provide for his safety and the public's safety.  This is neither coercive nor interrogatory behavior.  Defendant's claim on this issue must fail as well.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge

6