**UNITED STATES of America, Plaintiff,**

v.

**Maleek Lashawn HUGHES, Defendant.**

**No. 01–40086–01–SAC.**

United States District Court, D. Kansas.

May 9, 2002.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, Terrence J. Campbell, Barber, Emerson, Springer, Zinn & Murray, LC, Lawrence, KS, for Maleek Lashawn Hughes.

Gregory G. Hough, Office of U.S. Attorney, Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case is before the court on defendant's motion to suppress evidence. Defendant is charged by indictment with being a felon in possession of a firearm.

**FACTS**

On June 5, 2001, Topeka Police Department ("TPD") officers executed a search warrant at 1219 S.E. Lawrence in Topeka, Kansas, seeking, among other items, an assault rifle they believed had been used in a shooting. Defendant was at that residence at the time. When officers entered the residence, defendant was coming out of a back bedroom and into the hallway near the living room. Another man, Joshua Coller, was coming out of the bathroom and he and defendant bumped into one another. Officers heard the toilet flushing, looked into it, and saw therein a bag of green vegetation, later determined to be marijuana.

Search of the residence, pursuant to the warrant, revealed a handgun, and officers questioned each of the three persons pres-

ent about it. In response to that questioning, defendant stated that the handgun was his, and described it accurately, but denied that the handgun had been used "in anything," and stated that he had not shot anyone.

Defendant seeks to suppress the statements defendant made to officers on June 5, 2001. Defendant does not challenge the validity or execution of the search warrant, but alleges that he was not Mirandized and that his statement was the result of coercion. Specifically, defendant claims that the officer threatened him that he would be charged with possession of the assault rifle, which was not found in the search, if he did not admit to ownership of the handgun, which was found in the search.

The government counters that defendant was properly Mirandized by Topeka Police Department (TPD) Officer Brian Hill, and that defendant waived his Miranda rights freely, voluntarily and knowingly.

The court has conducted an evidentiary hearing for the purpose of determining whether defendant was timely Mirandized, and whether defendant's waiver of Miranda warnings, if any, was done, voluntarily, knowingly and intelligently.

## ANALYSIS

### A. Failure to Mirandize

Miranda warnings are required when a suspect is subjected to custodial interrogation. *See Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Not every statement made by one in custody who has not been Mirandized must be suppressed. If a defendant's statements were voluntary and spontaneous, and not made in response to words or actions by the officer that were "reasonably likely to elicit an incriminating response," *United States v. Gay,* 774 F.2d 368, 379 (10th

Cir.1985) (citing *Innis,* 446 U.S. at 301, 100 S.Ct. 1682), no Miranda violation occurs.

The sole testimony in this case was given by TPD Officer Brian Hill. Officer Hill testified that he advised defendant of his rights prior to questioning him by reading those rights verbatim from a Miranda card which he carried on him at the time. Officer Hill read the same card at the evidentiary hearing that he did to the defendant on June 5, 2001, and the court finds that it includes the required warnings.

No contrary testimony was offered. The court finds Officer Hill's testimony to be credible, and thus finds that defendant was properly Mirandized.

### B. Waiver of Miranda Rights/Coercion

A suspect who has been informed of his Miranda rights "may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly, and intelligently." *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. The government bears the burden of proving by a preponderance of the evidence that the defendant's waiver of rights was voluntary. *United States v. Toro–Pelaez,* 107 F.3d 819, 825 (10th Cir.), *cert. denied,* 522 U.S. 845, 118 S.Ct. 129, 139 L.Ed.2d 78 (1997); *Colorado v. Connelly,* 479 U.S. 157, 168–69, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

To prove a voluntary waiver of Fifth Amendment rights, the government must establish: (1) that the waiver was the product of free and deliberate choice rather than intimidation, coercion, or deception; and (2) that the waiver was made in full awareness of the nature of the right being waived and the consequences of waiving. *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410(1986). Only if the totality of the circumstances surrounding the interrogation shows both an uncoerced choice and the requisite level of comprehension can a waiver be effec-

tive. *Id.; United States v. Hernandez*, 93 F.3d 1493, 1501 (10th Cir.1996).

In considering whether a statement is of free will, the courts look to several factors, including: "(1) the characteristics of the defendant: age, education, intelligence, and physical and emotional attributes; (2) the circumstances surrounding the statement, including the length of detention and questioning and the location of questioning; and (3) the tactics, if any, employed by officers. (Citations omitted). In no case, however, is any single factor determinative." *United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir.1987), *cert. denied*, 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 565 (1988).

The crucial question in each case is whether the defendant's will was overborne at the time of the confession. *See Lynumn v. State of Illinois*, 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963). A confession "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). "Where conditions of interrogation are so coercive that they rob suspects of their free will, courts will suppress defendants' statements notwithstanding the fact that these statements came on the heels of properly administered Miranda warnings." *United States v. Alvarez*, 142 F.3d 1243, 1248 (10th Cir.), *cert. denied*, 525 U.S. 905, 119 S.Ct. 242, 142 L.Ed.2d 199 (1998).

Under the law stated above, coercive police activity is a necessary predicate to a finding that a confession is not voluntary within the meaning of the due process clause. *See Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). *See United States v. Alvarez*, 116 F.3d 1489, 1997 WL 351711 (10th Cir. Jun.25, 1997) (Table), citing *Innis*, 446 U.S. at 301, 100 S.Ct. 1682.

Officer Hill testified that after reading defendant his Miranda rights, defendant said he would speak to him, then did so. In accordance with his usual practice, Officer Hill did not ask defendant to sign a written waiver because they were "on the scene" rather than in an interview room. The court finds nothing unusual in the fact that no written waiver form was used.

Officer Hill testified that at the time defendant verbally waived his rights, they were in the kitchen of the residence, and that another officer may have come in and out. Defendant was approximately 23 years old, did not appear to have any mental defect or disease, was coherent, and appeared to understand what Officer Hill asked him, as evidenced by his appropriate responses to the questions he was asked. Defendant's demeanor was calm, and he did not appear to lack education, intelligence, or fluency in the English language.

Officer Hill stated that defendant never asked for an attorney, or to stop the questioning, or stated that he was finished talking. Officer Hill further testified that he made no threats or offers of leniency, had no discussion regarding defendant's possible sentence, and used no psychological coercion or physical force. Officer Hill admitted that upon entering the residence he had his service weapon drawn, but had it holstered during the length of his discussion with the defendant, and made no movement toward his weapon at the time of questioning.

On cross examination, Officer Hill admitted that he told defendant that the two other persons in the residence had given statements about the handgun, and that defendant was hesitant to admit that the handgun was his. He additionally admitted that he told defendant that it was a rough neighborhood, that he could understand the need for protection, that he was

concerned that the handgun might be related to a shooting he was investigating, and that he told defendant about the assault rifle they were searching for. Thereafter, defendant made his incriminatory statement.

Officer Hill denied, however, ever telling defendant that if he did not admit the handgun was his, he would be linked to the assault rifle. Officer Hill further stated that all the statements he made to defendant were true.

Where detectives use dishonesty or misrepresentation to elicit statements from a defendant in custody, suppression is warranted. *Compare United States v. Anderson,* 929 F.2d 96, 99–103 (2d Cir. 1991) (post-Miranda confession suppressed because "the agent told defendant that if he asked for a lawyer it would permanently preclude him from cooperating with the police."); *United States v. Zerbo,* 1999 WL 804129,* 2–14 (S.D.N.Y.1999)(agents isolated low intelligence, mentally ill defendant from his family); with *United States v. Ford,* 1997 WL 538813 (S.D.N.Y. Aug 29, 1997) (fact that agents told defendants they were facing long jail time and that it was in their interest to cooperate was not coercion); *United States v. Major,* 912 F.Supp. 90, 94–96 (S.D.N.Y. Jan.22, 1996) (waiver of Miranda rights was knowing and voluntary, even though officer had told defendant that he was facing life in prison and that it was in his interest to cooperate).

Here, however, the court has heard the testimony of Officer Hill and finds him to be credible in testifying that all the statements he made to defendant were true. Further, the coercive statement attributed to Detective Hill in defendant's brief makes little sense. The assault rifle was not found in the residence, officers did not know where it was, as reflected in their search of the residence for it, and could not show that defendant was linked to it.

In light of these facts known to Officer Hill, it would be unreasonable for him to state that defendant would be charged with possession of the assault rifle.

The court finds that based upon the totality of the circumstances, defendant's will was not overborne at the time he made his statement. *See e.g., United States v. Sowers,* 1997 WL 97104 (D.Me. Feb.21, 1997) (rejecting claim that defendant's statements were coerced because he spoke under threat of federal prosecution against him and his girlfriend.) Defendant waived his Miranda rights voluntarily, intelligently, and knowingly. Accordingly, defendant's motion to suppress shall be denied.

IT IS THEREFORE ORDERED that defendant's motion to suppress (Dk.15) is denied.